DREYFUS, Respondent, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*October 28—November 16, 1915.*

*Evidence:* *Privileged communications: Physicians and surgeons.*

Under sec. 4075, Stats. 1913,—providing in substance that no physician or surgeon shall be *permitted* to disclose information received by him while attending a patient and which information was necessary to enable him to treat such patient,—in a personal injury action a physician who treated the plaintiff after the injury was properly not permitted to state whether he treated plaintiff at that time for hernia or rupture or whether plaintiff complained to him of hernia or rupture.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Van Dyke, Shaw, Muskat & Van Dyke,* and for the respondent on that of *Lehr, Kiefer & Reilman,* attorneys, and *J. Elmer Lehr,* of counsel.

WINSLOW, C. J. The plaintiff recovered a judgment of $450 against the defendant for damages sustained as the result of a slight collision between two street cars in one of which she was a passenger. There was no question as to the negligence of the defendant, and the sole question raised on this appeal which is deemed of sufficient importance to demand treatment relates to a ruling upon evidence.

The defendant called as a witness the physician who treated the plaintiff after the injury and asked him whether he treated the plaintiff at that time for hernia or rupture and whether the plaintiff complained to him of hernia or rupture. Objections to the questions were sustained and these rulings are the rulings complained of.

The plaintiff's evidence tended to show that she suffered from inguinal hernia resulting from the accident. The ob-

ject of the testimony offered was to show that the plaintiff did not complain of such an injury and that the physician did not ascertain that she had it.

We think the ruling of the trial court was correct. Sec. 4075, Stats., as amended by ch. 349, Laws 1913, provides in substance that no physician or surgeon shall be *permitted* to disclose information received by him while attending a patient and which information was necessary to enable the physician or surgeon to treat the patient. The word "permitted" in this section was inserted by the amendment of 1913 in place of the word "compelled." This is not important except that it demonstrates that the legislature desired to make it absolutely certain that the information gained by a physician or surgeon for the purpose of treating a patient should not be disclosed under any circumstances. We have nothing to do with the wisdom of this policy; our only duty is to see that it is carried out.

If the questions propounded to the physician in the present case were answered either way the statute would be set at naught.

It was the physician's duty to treat the patient for whatever disease or infirmity the diagnosis of the case showed that she had. If, therefore, he answered that he treated her for hernia, the necessary inference of fact must be that the statements or symptoms of the patient or the physician's examination tended to show that she was suffering from hernia; if he answered that he did not treat her for hernia, the inference of fact must be that such statements, symptoms, or examination tended to show that she was not suffering from hernia, but from some other difficulty. In either case the effect would be to disclose a part of the information which the statute says shall not be disclosed.

*By the Court.*—Judgment affirmed.